Filed 3/12/15  P. v. Hoffman-Neff CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C075975 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039905) |
| v. | |
| DYLAN CHRISTOPHER HOFFMAN-NEFF, | |
| Defendant and Appellant. | |

Appointed counsel for Defendant Dylan Christopher Hoffman-Neff has requested that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we shall affirm.

1

## BACKGROUND

On November 1, 2013, defendant and two others robbed two women at a local inn. The three men forced their way into the motel room at gunpoint. Defendant and one cohort stood by the victims while the other man searched the room. Defendant cut the cord for one of the room's telephones. The robbers took the women's cellular telephones, credit cards, and identification and left the inn.

One of the women used another telephone to contact the front desk. Responding police officers saw three males walking on a highway overpass and later running down an embankment. After detaining the men, the officers found an unregistered handgun on one of the men. Both victims positively identified defendant and the other men as the robbers.

Defendant admitted to demanding money from the victims at the motel, claiming they were prostitutes who owed money to an unknown man who had offered to pay defendant to get his money back.

Defendant pleaded no contest to second degree robbery. (Pen. Code, §§ 211, 212.5, subd. (c).)[1] An allegation that he was armed with a firearm (§ 12022, subd. (a)(1)) was dismissed with a *Harvey* waiver.[2] The trial court suspended imposition of sentence and granted defendant formal probation for three years; one of his conditions of probation was 180 days in jail (he waived 103 days credit for time served). He was ordered to make restitution to his victims and to pay various fines and fees as appropriate. Defendant appeals; we see no certificate of probable cause in the record. (§ 1237.5.)

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

**DISCUSSION**

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


      DUARTE      , J.


We concur:


      ROBIE      , Acting P. J.


      MURRAY      , J.